## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY HERSHGORDON** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | **Civil Action No.** |
| **AMERICAN HONDA FINANCE** ) | |
| **CORPORATION** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### I.    Preliminary Statement

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* and various other laws of the Commonwealth of Pennsylvania

### II.    Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.    Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.    Parties

4.    Plaintiff Gary Hershgordon is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 134 Cyprus Avenue, Richboro PA 18954.

5.    Defendant American Honda Finance Corporation is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 201 Little Falls Drive, Wilmington, DE 19808.

**IV.**          <u>**Factual Allegations**</u>

6.     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

7.     The inaccurate information includes, but is not limited to, an account with American Honda Finance and personal identifying information.

8.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

9.     Additionally, Plaintiff has repeatedly disputed the inaccurate information concerning the American Honda Finance account with Defendant, as well as with various credit reporting agencies. Notwithstanding Plaintiff's disputes, Defendant has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, has failed to mark the above accounts as disputed and has continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

10.     Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove

the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

11.     Despite Plaintiff's repeated requests and payments for goods and services in the form of consumer versions of Defendants EIS' and TU's credit reports and to investigate and correct inaccurate information disputed by Plaintiff, Defendants EIS and TU have refused and failed to furnish Plaintiff with timely disclosures of Plaintiff's credit reports and to investigate Plaintiff's disputes.

12.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

13.     Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information reported by Defendant has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

14.     As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance

telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

15.     As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

17.     As a result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of multiple inquiries appearing on Plaintiff's credit file.

18.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**V.   CLAIMS**

**COUNT ONE - FCRA**

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     At all times pertinent hereto, Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

4

22.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

(c)     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)     willfully and negligently failing to report the inaccurate and disputed status of the inaccurate information to all credit reporting agencies;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)     willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

23.     Defendant's conduct was a direct and proximate cause, as well as a

substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT TWO - DEFAMATION

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     At the times pertinent hereto, Defendant has published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

26.     At a minimum, Defendant has published these statements each time Plaintiff has notified Defendant and other credit reporting agencies of Plaintiff's dispute and each time a credit-reporting agency has reinvestigated the dispute.

27.     The statements made by Defendant are false as outlined above.

28.     Defendant has published these statements to at least Experian Information Systems, Inc..

29.     Defendant knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, nonetheless, they continue to publish such statements up through the present time.

30.     The written statements and publications constitute libel per se.

31.     The oral statements and publications constitute slander per se.

32.     In addition, and despite the repeated notices from Plaintiff, Defendant has acted with malice by failing to communicate the information provided to them by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

33.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## COUNT THREE – CPL

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     Pursuant to 15 U.S.C. §1681s, any violation of the FCRA constitutes an unfair or deceptive act or practice in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq. ("CPL").

36.     Defendant is a "creditor" as defined by 73 P.S. § 2270.3 of the FCEUA.

37.     Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

38.     The above disputes by Plaintiff, and the reporting of the inaccurate information to credit reporting agencies by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

39.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

40.      Defendant violated the Fair Credit Extension Uniformity Act, 2270.4(b)(5)(ii), 2270.4(b)(5)(viii), 2270.4(b)(5)(x) and the CPL, 73 P.S. § 201-2(4)(xxi), by engaging in the following conduct:

(a)      The false representation of the character, amount or legal status of any debt;

(b)      Communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a debt is disputed; and

(c)      using false representations and deceptive means to collect or attempt to collect a debt.

41.      Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

42.      As a result of the above violations of the FCEUA and CPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT FOUR – NEGLIGENCE

43.      Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

44.      Defendant's negligence consists of the following:

(a)  Violating the FCRA as set forth above;

(b)  Violating the CPL as set forth above;

(c)  Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(d)  Failing to review all relevant information concerning Plaintiff's account that was sent to Defendant;

(e)  Failing to report the results of investigations to the relevant consumer reporting agencies;

(f)  Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendant originally furnished information;

(g)  Failing to delete or correct the inaccurate information; and

(h)  Failing to note the disputed status of the inaccurate information on all credit reports.

45.     As a result of Defendant's above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

46.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## <u>COUNT FIVE – INVASION OF PRIVACY/FALSE LIGHT</u>

47.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48.     Defendant's above actions violated Plaintiff's right of privacy by impermissibly accessing plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

49.     By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

50.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VI.    JURY TRIAL DEMAND

51.     Plaintiff demands trial by jury on all issues so triable.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o, and

73 P.S. §201-9.2(a);

(e)      An order directing that Defendant immediately delete all of the inaccurate

information from Plaintiff's credit reports and files and cease reporting the inaccurate

information to any and all persons and entities to whom they report consumer credit information;

and

(f)      Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:      ___/s/ Mark D. Mailman_____
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiff

Dated: December 22, 2009